**Kholood Mati KAKTOMA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71784.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Namir M. Daman, Esquire, Daman & Daman, Oak Park, MI, for Petitioner.

CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Jean–Michel Voltaire, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Kholood Mati Kaktoma, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Kaktoma's voluntary return to Iraq inherently undermines her testimony that she experienced past harm or that she feared returning to her home country. *See Loho v. Mukasey,* 531 F.3d 1016, 1018–19 (9th Cir.2008). Accordingly, Kaktoma's asylum claim fails.

Because Kaktoma's asylum claim fails, she necessarily cannot satisfy the more stringent standard of proof required to demonstrate eligibility for withholding of removal. *See id.* at 1019.

Substantial evidence also supports the IJ's denial of CAT relief based on the IJ's finding that Kaktoma did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Iraqi government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**